IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SOUTH SHORE RANCHES, LLC, and JMZ DEVELOPMENT COMPANY, LLC,**<br><br>　　　　　　　**Plaintiffs**,<br>　　v.<br><br>**LAKELANDS COMPANY, LLC, and DOES 1 through 25, inclusive**<br><br>　　　　　　　**Defendants.** | 1:09-cv-105 AWI DLB<br><br>ORDER VACATING MARCH 24, 2009 ORDER; ORDER ON DEFENDANT'S MOTION TO SHORTEN TIME; and ORDER SETTING NEW HEARING DATE<br><br>(Doc. Nos. 9, 12, 13, 14, 19) |

　　Currently pending before the Court is Plaintiffs' motion to confirm an arbitration award, Defendant's motion to dismiss, Defendant's motion to remand, and Defendant's motion to shorten time. Due to clerical error, on March 24, 2009, the Court took the first two motions under submission. Accordingly, the Court's March 24, 2009, order (Document No. 19) will be vacated.

　　Additionally, on March 16, 2009, Plaintiff filed what is styled as an amended petition, but which is docketed as an amended motion. See Document No. 13. The March 16 filing has additional language in bold type that are additions to Plaintiff's initial petition and also contains a prayer. The Court will construe this filing as an amended petition. "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."

Fed. R. Civ. Pro. 15(a); Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000). An "amended complaint supersedes the original, the latter being treated thereafter as non-existent." Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Defendant's motions are not "responsive pleadings." See Fed. R. Civ. Pro. 7(a); Morrison v. Mahoney, 399 F.3d 1042, 1046 (9th Cir. 2005); Duda v. Board of Educ., 133 F.3d 1054, 1057 n.2 (7th Cir. 1998). Accordingly, the amended petition disposes of Plaintiffs's motion to confirm arbitration (Doc. No. 12) and Defendant's motion to dismiss (Doc. No. 9), since these motions refer to a petition that is "non-existent." See Forsyth, 114 F.3d at 1474.

What remains pending is Defendant's motion to remand. The motion to remand puzzles the Court. This Court received no notice of removal as required by 28 U.S.C. § 1446(a). However, Defendant's motion indicates that Plaintiffs gave a notice of removal to the Toulumne County Superior Court on March 5, 2009. In light of the Defendant's motion to dismiss and the motion to remand, the Court has concerns over its jurisdiction and the propriety of this lawsuit. The Court will allow Defendants to file an amendment to the motion to remand in order to include arguments that were raised in its motion to dismiss (Doc. No. 9). Defendant need not resubmit exhibits that have already been submitted to the Court, but when referencing an exhibit, Defendant should take particular care to inform the Court where the exhibit may be found. Plaintiffs will be given an opportunity to respond and the opposition must include an explanation regarding removal. Irrespective of the style of Defendant's motion, the parties will be expected to address wether this Court has jurisdiction over this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to confirm arbitration award (Document No. 12) is DENIED without prejudice;
2. Defendant's motion to dismiss (Document No. 9) is DENIED without prejudice;

3. Defendant's motion to shorten time (Document No. 14) is DENIED;

4. The Court's order of March 24, 2009 (Document No. 19) is VACATED;

5. Defendant may file an amended motion to remand as described above on or by March 30, 2009;

6. Plaintiffs may file an opposition on or by 4:00 p.m. on April 3, 2009;

7. Defendant may file a reply on or by 10:00 a.m. on April 9, 2009; and

8. The hearing on Defendant's motion to remand will be on April 13, 2009, at 1:30 p.m. in Courtroom No. 2.

IT IS SO ORDERED.

**Dated:** **March 25, 2009**                **/s/ Anthony W. Ishii**
                                             CHIEF UNITED STATES DISTRICT JUDGE

daw                                3