# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTH SHORE RANCHES, LLC, and JMZ DEVELOPMENT COMPANY, LLC, <br><br> Plaintiffs, <br> v. <br><br> LAKELANDS COMPANY, LLC, and DOES 1 through 25, inclusive <br><br> Defendants. | 1:09-cv-105 AWI DLB <br><br> ORDER ON DEFENDANT'S MOTION TO REMAND AND MOTION TO DISMISS AND ORDER STRIKING DOCUMENT NO. 31 |

This case stems from a land transaction in Tuolumne County, California, that went awry. Plaintiffs South Shore Ranches, L.L.C. ("SSR") and JMZ Development Company, L.L.C. ("JMZ") (or collectively "Plaintiffs") have brought this suit to confirm an arbitration award. Defendant Lakelands Company, L.L.C. ("Lakelands") has filed an amended motion to remand that includes a motion to dismiss. The Court has instructed Lakelands to file an amended motion and informed the parties that it had concern regarding its subject matter jurisdiction. After considering Lakelands's motions, the Court will deny the motion to remand but grant the Rule 12(b)(1) motion and dismiss this case.[1]

---

[1] The Court set a briefing schedule that allowed for the filing of a reply on April 9, 2009, by Lakelands. On April 9, 2009, Plaintiffs filed what is entitled, "supplemental memorandum of points and authorities." Plaintiffs did not request permission to file this supplemental memorandum and the scheduling order does not provide for it. Were the Court to consider Plaintiffs' untimely filing, it would be considering arguments and case law to which Lakelands was not able to respond. Accordingly, Plaintiffs' untimely supplemental memorandum will be stricken and the Court will not consider it in resolving the pending motions.

# BACKGROUND

From the submissions of the parties, SSR is a Michigan business entity with its principal place of business in Michigan. See Anderson Declaration at ¶¶ 4-7; Doc. No. 16 Exhibit 4. JMZ is registered as a California business entity. See Doc. No. 16 Exhibit 5. It appears that Lakelands is also a registered California business entity. See Doc. No. 13 at p.1; Doc. No. 22 at p.10.

On December 12, 2005, Plaintiffs as seller and Lakelands as buyer entered into a contract ("the Contract") for the sale of 1,947 acres of real property located in Tuolumne County, California. See Doc. No. 13 at Exhibit 1. The Contract contains an arbitration clause, which reads in part:

> Except for any rights or claims arising out of or provided for in the Note and/or First Deed of Trust, any controversy or claim arising out of or relating to this Agreement, the breach hereof or the transactions contemplated hereby, upon the request of either party, shall be settled by arbitration. Either party may demand that a dispute be determined by arbitration by sending written notice to the other party. . . .
> . . .
> The judgment upon the award rendered by the arbitrations may be entered in any court having jurisdiction. The parties agree to submit to discovery in connection with the arbitration. Such discovery shall be conducted in accordance with all rules of California law relating to discovery.

Doc. No. 13 at Exhibit 1 at ¶ 10. The Contract also contained a "governing law; venue" clause which reads:

> This Agreement shall be construed and interpreted in accordance with the laws of the State of California. Venue for any action brought to interpret or enforce this Agreement shall be the Superior Court for the County of Tuolumne.

Id. at ¶ 14.5.

At some point in the transaction process, the sale broke down. In October 2007, Plaintiffs inquired if retired Judge Broadman was available to arbitrate. See id. Doc. No. 13 Exhibit 2. On December 10, 2007, Plaintiffs confirmed arbitration with Judge Broadman for May 2008, with a "cc" to Lakelands's counsel. See id. at Exhibit 3. Apparently at the request of Lakelands, the arbitration did not occur in May 2008. See Anderson Declaration at ¶ 12. At some point, arbitration was re-scheduled for August 2008. See id. at ¶ 10.

In order to further process the parcel map and to extend valuable benefits within Tuolumne County, JMZ deeded all of the real estate it owned relative to the Contract to SSR. See Anderson Declaration at ¶ 8. JMZ did this in late July 2008, at the request of Tuolumne County. See id. The grant deed was recorded on August 13, 2008, in Tuolumne County by the Yosemite Title Company. See Anderson Declaration Exhibits.

On August 28, 2008, arbitration went forward before Judge Broadman, but Lakelands did not appear. See Anderson Declaration at ¶ 11. After hearing evidence, Judge Broadman issued his decision. See Doc. No. 13 Exhibit 4.

On September 22, 2008, Plaintiffs filed a petition to confirm the arbitration award in the Tuolumne County Superior Court.[2] See Doc. No. 16 Exhibit 1. On October 23, 2008, the Tuolumne County Superior Court confirmed Judge Broadman's order. See id. at Exhibit 2.

On January 14, 2009, Plaintiffs filed this lawsuit seeking an order from this Court to confirm Judge Broadman's arbitration award. See Doc. No. 2. The confirmation order that Plaintiffs wish this Court to sign is identical to that which the Tuolumne County Superior Court signed. Cf. Doc. No. 16 Exhibit 2 with Doc. No. 13-1.

Lakelands responded by filing a motion to dismiss on February 13, 2009. See Doc. No. 9. Plaintiffs filed a motion to confirm arbitration award on February 13, 2009. See Doc. No. 12.

On February 19, 2009, Lakelands filed in the Tuolumne County Superior Court a motion to set aside the arbitration confirmation.[3] See Doc. No. 16 Exhibit 3. Hearing on the motion to set aside was to occur on March 19, 2009. See id.

Plaintiffs then filed an amended petition on March 16, 2009, in which they made allegations about the citizenship of SSR and Lakelands, and alleged that this Court had jurisdiction pursuant to 28 U.S.C. § 1332 (diversity), 9 U.S.C. § 9, and paragraph 10 of the Contract. See Doc. No. 13 at ¶ 2. On March 16, 2009, Lakelands filed a motion to remand which asserted in part that Plaintiffs had filed a notice of removal in the Tuolumne County

---

[2] The Tuolumne County Superior Court case is numbered CV 54053. See Doc. No. 16 at Exhibit 1.

[3] The motion was filed in Tuolumne County Superior Court case number CV 54053. See Doc. No. 16 at Exhibit 3.

Superior Court. See Doc. No. 14. In connection with the pending motions, the parties have submitted a notice of removal that is captioned for this Court and is signed by Plaintiffs' counsel as March 5, 2009.[4] See Doc. No. 23 Exhibit 1; Doc. No. 26 Exhibit 4. Plaintiffs contend they removed the Tuolumne County Superior Court case on March 6, 2009. See Doc. No. 24 at p. 2:7-8. The docket of this Court does not contain an entry for a notice of removal.

On March 26, 2009, the Court held that Plaintiffs' March 16, 2009, filing was an amended petition that mooted the outstanding motion to dismiss and motion to confirm arbitration award. See Doc. No. 20. The Court allowed Lakelands to file an amended motion to remand and to include arguments made in the motion to dismiss that would remain applicable to the operative complaint. See id. The Court expressed concern over subject matter jurisdiction and informed the parties to address that issue. See id. The Court also noted that it required briefing regarding the purported notice of removal and informed the parties that no notice had been filed. See id. The parties have filed the additional briefing.

## I.     MOTION TO REMAND

Without citation to the docket, Plaintiffs state that the notice of removal was filed on March 6, 2009, pursuant to 28 U.S.C. § 1441(a) or (b). See Doc. No. 24 at p. 3:17-18. However, as mentioned above, this Court's docket has no entry of a notice of removal having been filed. Further, the copy of the notice of removal that has been submitted by the parties does not have a file stamp or any other indication upon it that it was filed with this Court. See Doc. No. 23 Exhibit 1; Doc. No. 26 Exhibit 4. The Court informed the parties that is was puzzled by the motion to remand because there was no docket entry. See Doc. No. 20. The Court specifically cited to 28 U.S.C. § 1446(a), which is the procedure for removing a case. See id. Despite this, the parties have not addressed the Court's puzzlement other than to persist in the assertion that this case has been removed.

The Court finds that this case has not been removed from the Tuolumne Superior Court.

---

[4] The removal is in reference to Tuolumne County Superior Court case number CV 54053. See Doc. No. 23 at ¶ 1 & Exhibit 1.

4

First, the case was filed by Plaintiffs on January 16, 2009, as a case to confirm an arbitration award. See Doc. Nos. 1, 2. In the civil cover sheet under the "origin" section, Plaintiffs checked the box for "original proceeding;" they did not check the box for "removed from state court." See Doc. No. 1. There are no references to any on-going state court proceedings or indications that the case was removed. Second, under 28 U.S.C. § 1446(a), a defendant(s) "desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 . . . ." The filing of a notice of removal signed under Rule 11 with the federal district court is a necessary step to effectuate removal.[5] See 28 U.S.C. § 1446(a); Okot v. Callahan, 788 F.2d 631, 633 (9th Cir. 1986); Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979); Miller v. Aqua Glass, Inc., 2008 U.S. Dist. LEXIS 55228, *3-*6 (D. Or. July 21, 2008); cf. Aqualon Co. v. MAC Equip., 149 F.3d 262, 264 (4th Cir. 1998) (noting that federal jurisdiction attached upon the filing of the notice of removal with the federal court). Because no removal petition has been filed with this Court as required by 28 U.S.C. § 1446(a), there was no removal in this case. Cf. Okot, 788 F.2d at 633 ("Removal is accomplished merely by the filing of a verified petition fulfilling the requirements of 28 U.S.C. § 1446."). "Since there was no removal from state court there can be no remand to that court." Julianites Against Shakedown Tactics v. TEJJR, 2007 U.S. Dist. LEXIS 86853, *10-*11 (S.D. Cal. Apr. 30, 2007); International Carrier-Call & Television Corp. v. Radio Corp. of America, 50 F.Supp 759 (S.D. N.Y. 1943). Lakelands's motion to remand is denied.

## II.     RULE 12(b)(1) MOTION TO DISMISS

*Defendant's Motion*

Lakelands argues that there is no diversity jurisdiction because SSR is doing business in

---

[5] The Court recognizes that there is disagreement as to when a state court loses jurisdiction due to removal, that is, whether the state court loses jurisdiction immediately upon filing a notice of removal with the federal court or whether the state court loses jurisdiction once it is informed that the defendant has filed a notice of removal with the federal court. See Miller, 2008 U.S. Dist. LEXIS 55228 at *3-*5. However, that issue is not present in this case, and the Court is aware of no cases that hold removal can be effected without filing a notice of removal with the federal court as required by 28 U.S.C. § 1446(a).

5

California, JMZ is a California business entity, and Lakelands is a California business entity. Federal question jurisdiction is not present because this is a petition to confirm an arbitration award based on a contract for the development of real property in California between two California entities and involves no implications of federal law.

*Plaintiffs' Opposition*

Plaintiffs argue that jurisdiction exists pursuant to 9 U.S.C. § 9. That section provides that if no court is specified to confirm an arbitration award, § 9 provides that an application to confirm may be made in the federal district court where the award was made. In *Dan River, Inc. v. Cal-Togs, Inc.*, 451 F.Supp. 497 (S.D. N.Y. 1978), the Court found jurisdiction to confirm an arbitration award where jurisdiction was proper under the American Arbitration Association rules and no court was specified to confirm the award. Paragraph 10 in this Contract also incorporates the American Arbitration Association rules. American Arbitration Association rule 48(c) provides that parties are deemed to have consented to entry of judgment on an award by any federal or state court having jurisdiction. Jurisdiction is therefore appropriate through § 9 and the rationale of *Dan River*.

Diversity jurisdiction is also present. SSR is a Michigan citizen because it is incorporated in Michigan and has its principal place of business in Michigan. SSR is the only real party in interest. JMZ, pursuant to requirements by Tuolumne County, transferred all of its real property interest to SSR by grant deed on July 31, 2008. Lakelands is a California citizen. Thus, the only real parties in interest are diverse.

*Legal Standard*

Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows for a motion to dismiss based on lack of subject matter jurisdiction. See Fed. R. Civ. Pro. 12(b)(1). It is a fundamental precept that federal courts are courts of limited jurisdiction. Vacek v. UPS, 447 F.3d 1248, 1250 (9th Cir. 2006). Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." A-Z Int'l v.

Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003); General Atomic Co. v. United Nuclear Corp., 655 F.2d 968 (9th Cir. 1981). The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Vacek, 447 F.3d at 1250; In re Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001). A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Savage v. Glendale Union High School Dist. No. 205, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004); Savage, 343 F.3d at 1039 n.2. The court need not presume the truthfulness of the plaintiff's allegations under a factual attack. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

### 28 U.S.C. § 1332(a) – Diversity of Citizenship

"For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest." Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004); Faysound, Ltd. v. United Coconut Chemicals, Inc., 878 F.2d 290, 295 (9th Cir. 1989). For an individual person, citizenship for diversity purposes requires that the person (a) be a citizen of the United States, and (b) be domiciled in a state of the United States. Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Von Kennel Gaudin v. Remis, 379 F.3d 631, 636 (9th Cir. 2004); see Lew, 797 F.2d at 749-50. However, "[i]n cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). For corporations, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); Kuntz, 385 F.3d at 1182. For unincorporated associations such as limited partnerships, such entities have the same citizenship as each of their members or

partners. See Johnson, 437 F.3d at 899; Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co., 981 F.2d 429, 438 (9th Cir. 1992). For limited liability companies ("LLC"), "an LLC is a citizen of every state of which its owners/members are citizens." Johnson, 437 F.3d at 899. "The party seeking to invoke federal jurisdiction has the burden of proving diversity jurisdiction." Kohler v. Inter-Tel Techs., 244 F.3d 1167, 1170 n.1 (9th Cir. 2001); Lew, 797 F.2d at 749. "Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1132-33 (9th Cir. 2002); see Kuntz, 385 F.3d at 1183; Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000).

9 U.S.C. § 9 – Confirmation of an Arbitration Award

In relevant part, 9 U.S.C. § 9 of the Federal Arbitration Act ("FAA") reads:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title [9 USCS §§ 10, 11]. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. However, the "FAA is not a jurisdictional grant, and federal courts may only hear claims under the Act when there is an independent basis for federal jurisdiction." G.C. & K.B. Invs., Inc. v. Wilson, 326 F.3d 1096, 1103 (9th Cir. 2003) (citing Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 25 n.32 (1983)). Stated differently, "the provisions of 9 U.S.C. § 9 do not in themselves confer subject matter jurisdiction on a federal district court." General Atomic Co. v. United Nuclear Corp., 655 F.2d 968, 969 (9th Cir. 1981); see Peabody Coal Co. v. Navajo Nation, 373 F.3d 945, 949 (9th Cir. 2004); Wilson, 326 F.3d at 1103; Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 7 F.3d 882, 884 (9th Cir. 1993); see also Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1470 & n.12 (11th Cir. 1997).

*Discussion*

*1.      Federal Question/ 9 U.S.C. § 9*

Plaintiffs' argument that 9 U.S.C. § 9 establishes federal question jurisdiction is

meritless.  Plaintiffs cite a 1978 case from a New York district court.  Completely absent is any reference whatsoever to the binding Ninth Circuit authority that has been the law since 1981.  See General Atomic, 655 F.2d at 969.  The law in the Ninth Circuit is that 9 U.S.C. § 9 does not confer subject matter jurisdiction.  Id.  The law is the same in the Second Circuit.  See Perpetual Secs., Inc. v. Tang, 290 F.3d 132, 140 (2d Cir. 2002).

Further, while Paragraph 10 of the Contract in this case states that arbitration will be conducted in accordance with the rules of the American Arbitration Association, American Arbitration Association Rule 48(c) indicates that parties consent to entry of judgment by a state or federal court "having jurisdiction."  The rule therefore presupposes that a court has jurisdiction.  Additionally, subject matter jurisdiction cannot be created by the affirmative agreement, stipulation, consent, or waiver of the parties.  See Bonneville Power Admin. v. FERC, 422 F.3d 908, 924 (9th Cir. 2005); Brockman v. Merabank, 40 F.3d 1013, 1017 (9th Cir. 1994); Collins v. Thompson, 8 F.3d 657, 659 (9th Cir. 1993).  Even if Plaintiffs and Lakelands expressly agreed that this Court had jurisdiction, the agreement would not create jurisdiction if jurisdiction did not otherwise exist.  See id.

9 U.S.C. § 9 does not form a basis for this court's subject matter jurisdiction, irrespective of any agreements that the parties may have made.  See Bonneville, 422 F.3d at 924; Peabody Coal, 373 F.3d at 949; Wilson, 326 F.3d at 1103; Garrett, 7 F.3d at 884; General Atomic, 655 F.2d at 969.

### 2. Diversity

Plaintiffs have not sufficiently shown diversity jurisdiction in this case.  With respect to SSR, Plaintiffs have submitted documents and declarations that indicate SSR has its principal place of business in Michigan and is incorporated/registered in Michigan.  The place of incorporation and principal place of business would be determinative if SSR were in fact a corporation, but it is an LLC.  See Doc. No. 16 Exhibit 4; Doc. No. 26-2 Exhibit 5.  As an LLC, SSR's citizenship is the same as each of its member/owners.  Johnson, 437 F.3d at 899.  Insufficient evidence has been presented that identifies each member/owner and each member's/owner's citizenship, i.e. domicile.  Thus, SSR's full citizenship for purposes of

diversity jurisdiction is unknown.

The citizenship of Lakelands is also not clear. Lakelands is apparently a California LLC. There are no allegations regarding the citizenship of each of Lakelands's members/owners. A declaration by Les Allen (originally filed in state court) and other exhibits submitted to this Court (correspondences by Les Allen) suggest that Allen is the manager and sole agent of Lakelands and that he resides in California. See Doc. No. 16 Exhibit 3; Doc. No. 26-3 Exhibits 16, 20. Although Allen's domicile is not mentioned, see Lew, 797 F.2d at 749, the indication at this point is that Lakelands is a citizen only of California. However, without evidence of the citizenship of each of its members/owners, see Johnson, 437 F.3d at 899, Lakeland's full citizenship is unknown.

The situation with JMZ is somewhat different. JMZ is an LLC that is registered under the laws of California. See Doc. No. 16 Exhibit 5. Like SSR and Lakelands, there is insufficient evidence regarding the citizenship of each of JMZ's owners/members; JMZ's citizenship is unknown. See Johnson, 437 F.3d at 899. However, SSR argues that JMZ is not a real party in interest. The Court takes this argument to mean that JMZ is a nominal or formal party whose citizenship should be disregarded for diversity purposes. See Strotek, 300 F.3d at 1132-33.

The evidence before the Court is that, on July 31, 2008, JMZ transferred to SSR all of JMZ's interest in the real property that is the subject of both the Contract and the arbitration award. See Anderson Declaration at ¶ 8. JMZ was a seller under the Contract. The arbitration award confirmation that Plaintiffs wish this Court to sign (and that was signed by the Tuolumne County Superior Court) essentially cancels the Contract, undoes the steps taken to facilitate the sale, and makes clear that Lakelands is not the owner of the realty. See Doc. No. 13; Doc. No. 16 Exhibit 2. However, the arbitration award does not stop with determining the owner of the realty. It provides that SSR *and JMZ* are entitled to $250,000 in liquidated damages, that SSR *and JMZ* are entitled to approximately $32,000 in attorney's fees and costs, and that SSR *and JMZ* are entitled to costs and fees incurred in enforcing the arbitration award. See id. While it seems that JMZ's interest in the real property has been extinguished, it is not apparent that JMZ's interest in the liquidated damages, its expenditures regarding enforcement of arbitration, and any

attorney's fees that it incurred regarding the Contract have also been extinguished. The monetary awards and damages amounts to around $300,000. Given that JMZ would be entitled to a share of approximately $300,000, without more evidence, the Court cannot say that JMZ "has nothing at stake" in this case. Strotek, 300 F.3d at 1132-33. Therefore, the Court cannot disregard the citizenship of JMZ.

It is Plaintiffs' burden to establish diversity jurisdiction. See Kohler, 244 F.3d at 1170 n.1; Lew, 797 F.2d at 749. By not providing evidence regarding the citizenship of each of the respective members/owners, see Johnson, 437 F.3d at 899, Plaintiffs have not established the citizenship of these LLC parties and thus, not met their burden. Additionally, although JMZ's citizenship has not been established, the indication is that it and Lakelands are citizens of California. Since Plaintiffs have not shown that JMZ's citizenship must be disregarded, the indication is that the requirement of complete diversity of citizenship is not met. See Kuntz, 385 F.3d at 1181.

### III. Requested Rule 11 Sanctions

Lakelands asks this Court to impose sanctions under Rule 11. However, Rule 11 provides strict procedural requirements that a party must follow in requesting sanctions. See Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 788 (9th Cir. 2001). One of the requirements is that a Rule 11 motion must be brought as a separate motion. See Fed. R. Civ. Pro. 11(c)(2). Lakelands's Rule 11 request is not made as a separate motion. Accordingly, the Court will deny Lakelands's request. Divane v. Krull Elec. Co., 200 F.3d 1020, 1025 (7th Cir. 1999); In re Deville, 280 B.R. 483, 493 (9th Cir. B.A.P. 2002).

### CONCLUSION

The presumption is against jurisdiction, and it is Plaintiffs burden to establish that this Court has subject matter jurisdiction. All named parties in this case are LLC's. For diversity jurisdiction purposes, the citizenship of an LLC is that of its members/owners. The assertions regarding the parties's respective citizenship is based on an inappropriate reliance on the

principal places of business and states of incorporation/organization – there is no evidence that directly addresses the citizenship (i.e. domiciles) of each of the parties' members/owners. Because there is insufficient evidence of the citizenship of the parties' members/owners, Plaintiffs have failed to meet their burden of establishing diversity jurisdiction. Additionally, since it appears that JMZ has an interest in the roughly $300,000 that is part of the arbitration award, the citizenship of JMZ cannot be disregarded. Given the submissions of the parties, this suggests that both JMZ and Lakelands are California citizens, which would destroy complete diversity. Finally, contrary to Plaintiffs' argument, it is clearly established that 9 U.S.C. § 9 does not create federal jurisdiction. Because there is no federal question in this case, and because diversity jurisdiction has not been successfully shown, Plaintiffs have failed to meet their burden and dismissal for want of subject matter jurisdiction is appropriate.[6]

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to remand is DENIED;
2. Defendant's Rule 12(b)(1) motion to dismiss is GRANTED and this case is DISMISSED;
3. Defendant's Rule 12(b)(3) motion to dismiss is DENIED as moot;
4. Defendant's request for Rule 11 sanctions is DENIED;
5. Document No. 31 on the Court's docket is STRICKEN as untimely and unauthorized; and
6. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

**Dated:   May 13, 2009**              /s/ Anthony W. Ishii
                                                          CHIEF UNITED STATES DISTRICT JUDGE

---

[6] Although Lakelands's Rule 12(b)(3) motion to dismiss based on the presence of a forum selection clause appears to be meritorious, the Court's granting of the Rule 12(b)(1) motion renders it unnecessary to decide the Rule 12(b)(3) motion.