IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTH SHORE RANCHES, LLC, and JMZ DEVELOPMENT COMPANY, LLC,<br><br>    Plaintiffs,<br> v.<br><br>LAKELANDS COMPANY, LLC, and DOES 1 through 25, inclusive<br><br>    Defendants. | 1:09-cv-105  AWI DLB<br><br>ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION; AND ORDER REMANDING CASE TO THE TUOLUMNE COUNTY SUPERIOR COURT |

On May 13, 2009, this Court granted Defendant Lakelands Company, L.L.C.'s ("Lakelands") Rule 12(b)(1) motion to dismiss and closed the case. On May 26, 2009, Plaintiffs South Shore Ranches, L.L.C. ("SSR") and JMZ Development Company, L.L.C. ("JMZ") (or collectively "Plaintiffs") moved for reconsideration under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6). On June 24, 2009, Plaintiffs filed a notice of removal from the Tuolumne County Superior Court. For the reasons that follow, Plaintiffs' motion for reconsideration will be denied and the case will be remanded to the Tuolumne County Superior Court.

**BACKGROUND**[1]

On December 12, 2005, Plaintiffs as seller and Lakelands as buyer entered into a contract

---

[1] The background is taken from the Court's May 13, 2009, order.

for the sale of 1,947 acres of real property located in Tuolumne County, California. At some point in the transaction process, the sale broke down and steps to undergo arbitration began.

However, in order to further process the Parcel Map and to extend valuable benefits within Tuolumne County, JMZ deeded all of the real estate it owned relative to the Contract to SSR. JMZ did this in late July 2008, at the request of Tuolumne County. The grant deed was recorded on August 13, 2008, in Tuolumne County.

On August 28, 2008, arbitration went forward before Judge Broadman, but Lakelands did not appear. After hearing evidence, Judge Broadman issued his decision in favor of Plaintiffs.

On September 22, 2008, Plaintiffs filed a petition to confirm the arbitration award in the Tuolumne County Superior Court. On October 23, 2008, the Tuolumne County Superior Court confirmed Judge Broadman's order.

On January 14, 2009, Plaintiffs filed this lawsuit seeking an order from this Court to confirm Judge Broadman's arbitration award. The confirmation order that Plaintiffs wish this Court to sign is identical to that which the Tuolumne County Superior Court signed.

In February 2009, Lakelands filed a motion to dismiss and later filed a motion to remand. After Plaintiffs filed what the Court construed as an amended petition, the Court allowed Lakelands to file amended motions to dismiss and remand and told the parties that it had concerns over its jurisdiction to hear this case.

On May 13, 2009, the Court issued an order. The Court ruled that the case had not been removed because it was filed as an original case in this court and because there was no notice of removal that had been filed in this Court. The Court then held that it lacked subject matter jurisdiction. Specifically, the Court held that 9 U.S.C. § 9 does not confer jurisdiction and that Plaintiffs had failed to meet their burden of establishing diversity. The Court also ruled that a Limited Liability Company ("LLC") has the same the citizenship as each of its owners and that no evidence had been presented that established the citizenship of any owners of the parties.[2] Accordingly, the Court dismissed the case for lack of subject matter jurisdiction.

---

[2] All parties in this case are LLC's.

2

Plaintiffs filed this motion for reconsideration on May 26, 2009, and filed a notice of removal on June 24, 2009.

## MOTION FOR RECONSIDERATION

*Plaintiffs' Argument*

Plaintiffs argue that, although not raised by Lakelands and although no party submitted declarations specifically on the point, the Court recognized that an LLC has the citizenship of its owners for purposes of diversity. Based on declarations from Donald Jackson and Leo Patterson, the diversity of citizenship of the owners of SSR, JMZ, and Lakelands can now be determined.

SSR is owned by individuals who reside in Michigan, Florida, and Kentucky and by a Michigan trust and a California S-corporation who has its principal place of business in Michigan. JMZ is 99% owned by a Michigan trust and 1% by a California S-corporation (with its principal place of business in California). Les Allen, an owner of Lakelands, resides outside the State of California, specifically in Australia.

*Defendant's Argument*

Lakelands argues that, even though Plaintiffs provide no official documentation as to proof of all of their members, taking Plaintiffs at their word, they still admit that JMZ has a California corporation as a member. There is no bright line rule as to how much interest a member of an LLC must own in order for the LLC to share that member's citizenship. Les Allen resides in California, owns property in California, pays taxes in California, and is the sole member of Lakelands. Diversity is destroyed because Lakelands and JMZ are citizens of California.[3]

*Legal Standard*

Rule 60(b) in part provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;

---

[3] Lakelands also reiterates its argument for a venue transfer under Rule 12(b)(3). Given the resolution of this motion, the Court need not address that argument.

3

   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
   (4) the judgment is void;
   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
   (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b).

  Under Rule 60(b)(1), the term 'excusable neglect' is a "somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Serv. v. Brunswick Assocs., 507 U.S. 380, 395 (1993). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Id. at 392; Harvest v. Castro, 531 F.3d 737, 747 (9th Cir. 2008). Nevertheless, the determination of whether neglect is "excusable" is an equitable consideration that takes into account all relevant circumstances surrounding the party's omission and include: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Pioneer, 507 U.S. at 391; Hector, 531 F.3d at 747; Bateman v. United States Postal Serv., 231 F.3d 1220, 1224 (9th Cir. 2000). The concept of excusable neglect encompasses negligence by an attorney. See Pioneer, 507 U.S. at 395; Batemen, 231 F.3d at 1222. However, "parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel." Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1101 (9th Cir. 2006). The party seeking relief from a judgment through Rule 60(b)(1) bears the burden of establishing excusable neglect, mistake, inadvertence or surprise. See Bateman, 231 F.3d at 1224.

  Rule 60(b)(6) is a catchall provision that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005); Community Dental Servs. v. Tani, 282 F.3d 1164, 1168 & n.8 (9th Cir. 2002). "Judgments are not often set aside under Rule 60(b)(6)." Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th Cir. 2006). "This rule has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary

circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Fantasyland Video, Inc. v. County of San Diego, 505 F.3d 996, 1005 (9th Cir. Cal. 2007); Washington, 394 F.2d at 1157. A party who moves for Rule 60(b)(6) relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." Latshaw, 452 F.3d at 1103; Washington, 394 F.3d at 1157; Tani, 282 F.3d at 1168.

*Discussion*

For purposes of Rule 60(b)(1), Plaintiffs have not identified or addressed any of the four *Pioneer* factors or made any arguments that establish excusable neglect, mistake, inadvertence or surprise. Plaintiffs have not met their burden under Rule 60(b)(1), and relief under this rule will be denied. See Bateman, 231 F.3d at 1224 ("The court would have been within its discretion if it spelled out the equitable test and then concluded that Emeziem had failed to present any evidence relevant to the four factors.").[4]

For purposes of Rule 60(b)(6), Plaintiffs have again not met their burden. This catchall provision is applicable only in extraordinary circumstances. Plaintiffs have presented no evidence that indicates that they were affected by circumstances beyond their control or that they will suffer injury if relief is not granted. See Latshaw, 452 F.3d at 1103; Washington, 394 F.3d at 1157. In fact, Plaintiffs already had the Tuolumne County Superior Court confirm the arbitration award prior to filing this suit. See Court's Docket Doc. No. 16 Exhibit 2. That this

---

[4] In the notice of motion and the memorandum in support of the motion, Plaintiffs say that the Court found no diversity and relied on the absence of evidence regarding the citizenship of the LLC members, even though no party had raised the issue. To the extent that Plaintiffs are suggesting that they were surprised by the Court's ruling or that the Court somehow sandbagged Plaintiffs, the contention is not well taken. Lakelands's submitted evidence while challenging jurisdiction, which created a factual attack against subject matter jurisdiction, see Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004), and this Court told Plaintiffs that it was concerned about whether it had subject matter jurisdiction. See Court's Docket Doc. Nos. 20-23. It is Plaintiffs burden to establish subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Vacek v. UPS, 447 F.3d 1248, 1250 (9th Cir. 2006); In re Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001). Given the motion and the Court's express warning about subject matter jurisdiction, it became Plaintiffs' burden to submit evidence that established federal jurisdiction, diversity or otherwise. See Meyer, 373 F.3d at 1039. The evidence produced by Plaintiffs in opposition did not do so. That Plaintiffs did not cite, or tailor their evidence, to the controlling law of *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) is a failure to meet their burden. That the Court followed the controlling law of the Ninth Circuit (*Johnson*) despite Plaintiffs' failure to cite that controlling law can hardly be considered a surprise. Cf. Bateman, 231 F.3d at 1224 ("However, his failure [to cite and discuss the *Pioneer* factors] did not relieve the district court of the duty to apply the correct legal standard.").

Court will not redundantly confirm an arbitration award will nevertheless still leave Plaintiffs with a confirmed arbitration award, albeit one that apparently is under attack within the state system.  See id. at Doc. No. 23 Exhibit 1.  The Court cannot conceive how Plaintiffs will be injured if relief is not granted under Rule 60(b)(6).  Relief under Rule 60(b)(6) is denied.

What Plaintiffs have done is submit evidence that was not previously presented to the Court.  The new evidence is not persuasive.  First, to the extent that this is an attempt to utilize Rule 60(b)(2), evidence is not "newly discovered" under that rule if the evidence was already in the party's possession or could have been discovered with reasonable diligence.  Wallis v. J.R. Simplot Co., 26 F.3d 885, 892 (9th Cir. 1994); Coastal Transfer Co. v. Toyota Motor Sales, 833 F.2d 208, 212 (9th Cir. 1987); see also Caliber One Indem. Co. v. Wade Cook Fin. Corp., 491 F.3d 1079, 1085 (9th Cir. 2007); School Dist. No. 1J v. AC&S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  There is no indication that the newly presented evidence could not have been discovered and presented earlier.[5]   In fact, with respect to the citizenship of Plaintiffs, that information by definition has always been in Plaintiffs' possession.  Second, the new evidence that has been presented still fails to establish diversity jurisdiction.  The declarations rely entirely on general assertions of "residence."  See Jackson Declaration at ¶¶ 4, 7, 11, 15, 16; Peterson Declaration at ¶ 2; Paganetti Declaration at ¶ 3.[6]  However, "for purposes of diversity, residence and citizenship are not the same thing."  Seven Resorts v. Cantlen, 57 F.3d 771, 774 (9th Cir. 1995); Mantin v. Broadcast Music, Inc., 244 F.2d 204, 206 (9th Cir. 1957).  "The natural person's state of citizenship [for diversity purposes] is then determined by her state of *domicile*, not her state of

---

[5] For this reason, relief would also be inappropriate under Rule 59(e).  See Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003); Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

[6] Attorney Paganetti's declaration mischaracterizes the Court's order.  Mr. Paganetti's declaration reads, "The issue was raised by the Court in its Order specifically addressing the citizenship of limited liability corporations were based upon the residence of its owners."  Paganetti Declaration at ¶ 3.  Mr. Paganetti goes on to say that an investigation of the owners' residences has been made.  See id.  However, in the dismissal order, this Court **never** relied on the residences of LLC's owners, but instead properly spoke in terms of domicile and citizenship.  See Doc. No. 34 at pp. 7-8, 9 ("Insufficient evidence has been presented that identifies each member/owner and each member's/owner's citizenship, i.e. domicile."), 10 (". . . Allen is the manager and sole agent of Lakelands and that he resides in California. . . . Although Allen's domicile is not mentioned . . . ."), 11 (". . . Plaintiffs have not established the citizenship of these LLC parties . . . ."), 12 (". . . there is no evidence that directly addresses the citizenship (i.e. domiciles) of each of the parties' members/owners.").

6

residence." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (emphasis added). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Id. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. Since Plaintiffs identified a number of natural persons and only stated that those persons "reside" in a particular state, Plaintiffs have again failed to show their own citizenship. Additionally, with respect to Les Allen, the evidence again relates to his residence and no evidence has been presented that discusses his citizenship as of the time this lawsuit was filed in January 2009.[7] See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 695 (9th Cir. 2005) ("Diversity jurisdiction is based on the status of the parties at the outset of the case . . . ."). Reconsideration is not appropriate based on Plaintiffs's newly presented evidence.

Plaintiffs' motion for reconsideration will be denied in its entirety.

## NOTICE OF REMOVAL & REMAND

On June 24, 2009, Plaintiffs filed a notice of removal. The removal notice ("Notice") states that, on February 19, 2009, an action was commenced in case number CV 54053 in the Tuolumne County Superior Court when Lakelands filed a motion to set aside the Confirmation of Arbitration Award.[8] See Court's Docket Doc. No. 43 at ¶ 1. The Notice also states that Plaintiffs were served with the motion to set aside on February 23, 2009. See id. The Notice states that this Court has jurisdiction under 28 U.S.C. § 1332 and 9 U.S.C. § 9. See id. The Notice has a file stamp from the Tuolumne County Superior Court of March 6, 2009. See id.

*Legal Standard*

28 U.S.C. § 1441(a) reads in relevant part: "any civil action brought in a State court of

---

[7] The Court notes that the declaration of Leo Patterson states that Les Allen is not a permanent resident of California and that Les Allen has a permanent residence in Australia. However, Leo Patterson is a co-owner of SSR. His two-page declaration (which appears to be incomplete) provides no foundation for his conclusion that Allen is a permanent resident of Australia.

[8] Tuolumne County Superior Court case number CV 54053 was actually filed in late September 2008 as that is the case in Tuolumne County that actually confirmed the arbitration award. See Court's Docket Doc. No. 16 at ¶ 2 and Exhibits 1, 2.

which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States . . . ." "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).  There is a strong presumption against removal.  Gaus v. Miles, Inc., 980 F. 2d 564, 566 (9th Cir. 1992). If there is any doubt as to the right of removal in the first instance, "federal jurisdiction must be rejected." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus, 980 F. 2d at 566.

"If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). "Thus, the court can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has filed a motion." Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995).  In other words, a district court may remand a removed case *sua sponte* if it determines that it lacks subject matter jurisdiction over the case. See Parker v. Ho Sports Co., 2005 U.S. Dist. LEXIS 37289 at *1 (E.D. Cal. 2005); Knutson v. Allis-Chalmers Corp., 358 F. Supp. 2d 983, 990 (D. Nev. 2005); Tortola Restaurants, L.P. v. Kimberly-Clark Corp., 987 F. Supp. 1186, 1188 (N.D. Cal. 1997); cf. Kelton Arms Condo. Homeowners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192-93 (9th Cir. 2003) (holding that a court may not *sua sponte* remand for procedural defects in removal but noting a distinction between procedural and jurisdictional defects and that a "district court must remand if it lacks jurisdiction").

*Discussion*

The notice again asserts that jurisdiction is proper under 9 U.S.C. § 9.  This argument remains meritless.  See Peabody Coal Co. v. Navajo Nation, 373 F.3d 945, 949 (9th Cir. 2004); G.C. & K.B. Invs., Inc. v. Wilson, 326 F.3d 1096, 1103 (9th Cir. 2003); Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 7 F.3d 882, 884 (9th Cir. 1993); General Atomic Co. v. United

Nuclear Corp., 655 F.2d 968, 969 (9th Cir. 1981). With respect to diversity, this Court dismissed this case on May 16, 2009, because there was no diversity. As explained above, reconsideration of that order is not appropriate under Rule 60. Further, the evidence presented to the Court relied on residences instead of domiciles. Cf. Seven Resorts, 57 F.3d at 774. Jurisdiction is rejected if there is any doubt as to the propriety of removal. Duncan, 76 F.3d at 1485. Given the Court's May 16 dismissal and resolution of the motion for reconsideration, the Court must remand the case to the Tuolumne County Superior Court because "it appears that the district court lacks subject matter jurisdiction."[9] 28 U.S.C. § 1447(c); Page, 45 F.3d at 133.

**CONCLUSION**

Plaintiffs have failed to meet their burden to justify relief under Rule 60(b). Further, because it appears that this court lacks subject matter jurisdiction, it must remand this case to the Tuolumne County Superior Court as per 28 U.S.C. § 1447(c).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for reconsideration is DENIED; and
2. Pursuant to 28 U.S.C. § 1447(c), this case is REMANDED forthwith to the Tuolumne County Superior Court.

IT IS SO ORDERED.

**Dated:   July 8, 2009**             /s/ Anthony W. Ishii
                                      CHIEF UNITED STATES DISTRICT JUDGE

---

[9] The Court also notes that the notice of removal is procedurally defective. First, the notice of removal was filed in this Court more than 30 days after Plaintiffs received the motion to set aside. See 28 U.S.C. § 1446(b); Court's Docket Doc. No. 43. Second, Plaintiffs state that they should be treated as the defendants relative to the state court motion to set aside. If this argument is correct, then since JMZ is partly owned by a California corporation, JMZ is a citizen of at least California and removal is improper under the "forum defendant rule" of 28 U.S.C. § 1441(b). If Plaintiffs are not properly considered a defendant, then as Plaintiffs they are not permitted to remove. See 28 U.S.C. § 1441(a); Okot v. Callahan, 788 F.2d 631, 633 (9th Cir. 1986).