IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTH SHORE RANCHES, LLC, and JMZ DEVELOPMENT COMPANY, LLC,<br><br>                    Plaintiffs,<br>     v.<br><br>LAKELANDS COMPANY, LLC, and DOES 1 through 25, inclusive<br><br>                    Defendants. | 1:09-cv-105  AWI DLB<br><br>ORDER ON DEFENDANT'S EX PARTE APPLICATION TO SHORTEN TIME, ORDER ON DEFENDANT'S MOTION TO STRIKE, AND ORDER VACATING AUGUST 17, 2009 HEARING AND TAKING MATTER UNDER SUBMISSION<br><br>(Doc. Nos. 57, 60) |

   Currently pending before the Court is Defendant's motion for sanctions, ex parte application to shorten time, and motion to strike Plaintiffs' opposition to the motion for sanctions.  Hearing on the motion for sanctions is set for August 17, 2009.

   Defendant's motion to strike is based on Plaintiffs' failure to file an opposition within seventeen (17) days of the hearing.  See Court's Docket Doc. No. 58; Local Rule 78-230(c).  The opposition was electronically filed and served on August 3, 2009.  Generally, the consequence for failing to file a timely opposition is loss of the right to be heard at oral argument.  See Local Rule 78-230(c) ("No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party.").  The Court has struck late filed oppositions in egregious cases.  In this case, however, Defendants were served fourteen (14) days prior to the hearing, which is the same time period set for personal service of an opposition.  See id.  This is not an egregious case.  Defendant's motion to strike is denied.

   Further, because it relates to the motion to strike, the ex parte application to shorten time is also denied.

With respect to the motion for sanctions, the Court will review Plaintiffs' opposition in its entirety. Pursuant to Local Rule 78-230(c), the Court has reviewed the moving papers and has determined that this matter is suitable for decision without oral argument. Local Rule 78-230(h). However, the Court does have one question, but does not believe that the question warrants oral argument. Defendant's request for judicial notice contains two exhibits – Defendant's sanction motion filed in state court and Plaintiffs' opposition thereto. These state court papers were filed in the state court in late June 2009. The parties will be ordered to explain the status of the state court sanctions proceeding and, if an order has been issued by the state court that has resolved the sanctions motion, to provide this Court with a copy of that order.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to strike Plaintiffs' opposition is DENIED;
2. Defendant's ex parte application to shorten time is DENIED;
3. On or by August 20, 2009, the parties will jointly submit to this Court an update on the state court sanctions proceeding, including any dispositional order that may have issued; and
4. The previously set hearing date of August 17, 2009, is VACATED, and the parties shall not appear at that time; as of August 20, 2009, the Court will take Defendant's sanctions motion under submission and will thereafter issue its decision.

IT IS SO ORDERED.

**Dated:   August 12, 2009**           /s/ Anthony W. Ishii
                                      CHIEF UNITED STATES DISTRICT JUDGE

daw

2