IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTH SHORE RANCHES, LLC, and JMZ DEVELOPMENT COMPANY, LLC,<br><br>    Plaintiffs,<br>    v.<br>LAKELANDS COMPANY, LLC, and DOES 1 through 25, inclusive<br><br>    Defendants. | 1:09-cv-105  AWI DLB<br><br>ORDER ON DEFENDANT'S MOTIONS FOR SANCTIONS<br><br>(Doc. Nos. 49, 69) |

Before the Court is Defendant's Amended Motion for Sanctions under 28 U.S.C. § 1927 and the Court's inherent authority.  For the reasons that follow, the motion will be granted.

## BACKGROUND

On December 12, 2005, Plaintiffs as seller and Lakelands as buyer entered into a contract for the sale of 1,947 acres of real property located in Tuolumne County, California.  At some point in the transaction process, the sale broke down and steps to undergo arbitration began.

However, in order to further process the Parcel Map and to extend valuable benefits within Tuolumne County, JMZ deeded all of the real estate it owned relative to the Contract to SSR.  JMZ did this in late July 2008, at the request of Tuolumne County.  The grant deed was recorded on August 13, 2008, in Tuolumne County.

On August 28, 2008, arbitration went forward before Judge Broadman, but Lakelands did not appear.  After hearing evidence, Judge Broadman issued his decision in favor of Plaintiffs.

On September 22, 2008, Plaintiffs filed a petition to confirm the arbitration award in the Tuolumne County Superior Court. On October 23, 2008, the Tuolumne County Superior Court confirmed Judge Broadman's order.

On January 14, 2009, Plaintiffs filed this lawsuit seeking an order from this Court to confirm Judge Broadman's arbitration award. The confirmation order that Plaintiffs wished this Court to sign is identical to that which the Tuolumne County Superior Court signed.

In February 2009, Lakelands filed a motion to dismiss and later filed a motion to remand. After Plaintiffs filed what the Court construed as an amended petition, the Court allowed Lakelands to file amended motions to dismiss and remand and told the parties that it had concerns over its jurisdiction to hear this case.

On May 13, 2009, the Court issued an order. The Court ruled that the case had not been removed because it was filed as an original case in this court and because there was no notice of removal that had been filed in this Court. The Court then held that it lacked subject matter jurisdiction. Specifically, the Court held that 9 U.S.C. § 9 does not confer jurisdiction and that Plaintiffs had failed to meet their burden of establishing diversity. Specifically, the Court ruled that a Limited Liability Company ("LLC") has the same citizenship as each of its owners and that no evidence had been presented that established the citizenship of any owners of the parties. Accordingly, the Court dismissed the case for lack of subject matter jurisdiction.

Plaintiffs filed a motion for reconsideration on May 26, 2009. On June 24, 2009, Plaintiffs filed a notice of removal. The Court denied the motion for reconsideration and found that Plaintiffs had failed to meet their burden under Rules 60(b)(1) and (6). In light of the June 24 notice of removal, the Court then remanded the case for lack of jurisdiction because the evidence submitted as part of the motion for reconsideration focused on the residences of members of the LLC parties. Plaintiffs again did not present evidence regarding domicile and thus, again failed to establish jurisdiction since residence is not the same as domicile and domicile determines the citizenship of natural persons.

On July 10, 2009, Defendant filed a motion for sanctions. On November 4, 2009, Defendant filed an amended motion for sanctions. The amendment to the motion removes the

request for sanctions based on Plaintiffs' removal from state court because the Tuolumne County Superior Court has sanctioned Plaintiffs for that conduct.

## LEGAL STANDARD – SANCTIONS

"Sanctions are an appropriate response to willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Aloe Vera of Am., Inc. v. United States, 376 F.3d 960, 965 (9th Cir. 2004); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). There are three primary mechanisms through which a court may sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court; (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings; and (3) the court's inherent power. Fink, 239 F.3d at 991. "Each of these sanctions alternatives has its own particular requirements, and it is important that the grounds be separately articulated to assure that the conduct at issue falls within the scope of the sanctions remedy." Christian v. Mattel, Inc., 286 F.3d 1118, 1131 (9th Cir. 2002).

### a.    28 U.S.C. § 1927 Sanctions

28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Section 1927 is "concerned only with limiting the abuse of court processes [and is] indifferent to the equities of a dispute and to the values advanced by the substantive law." Roadway Express, Inc. v. Piper, 447 U.S. 752, 762 (1980); T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Asso., 809 F.2d 626, 638 (9th Cir. 1987). "Sanctions are available under § 1927 . . . only if the attorney 'unreasonably and vexatiously' multiplies proceedings." Gomez v. Vernon, 255 F.3d 1118, 1135 (9th Cir. 2001); Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000). Because sanctions under § 1927 are authorized only for the unreasonable multiplication of proceedings, "it applies only to unnecessary filings and tactics once a lawsuit has begun. . . [and] cannot be applied to an initial

pleading." In re Keegan Mgmt. Co. Sec. Lit., 78 F.3d 431, 435 (9th Cir. 1996); Zaldivar v. Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986). In other words, "The filing of a compliant may be sanctioned pursuant to Rule 11 or a court's inherent power, but it may not be sanctioned pursuant to § 1927." In re Keegan, 78 F.3d at 435.

### b. Inherent Authority Of The Court

A court has the inherent power to sanction parties or their lawyers if they act in "willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," as well as for "willful[] abuse [of the] judicial processes." Roadway Express, 447 U.S. at 766; Gomez, 255 F.3d at 1135. The court's "inherent power 'extends to a full range of litigation abuses.'" Fink, 239 F.3d at 992. In order to sanction a litigant under the court's inherent powers, the court must make a specific finding of "bad faith or conduct tantamount to bad faith." Gomez, 255 F.3d at 1134; Fink, 239 F.3d at 994.

> Under this standard, although recklessness, of itself, does not justify the imposition of sanctions, sanctions are available when recklessness is combined with an additional factor such as frivolousness, harassment, or an improper purpose. Sanctions, then, are justified when a party acts for an improper purpose- even if the act consists of making a truthful statement or a non-frivolous argument or objection.

Gomez, 255 F.3d at 1134 (citing Fink, 239 F.3d at 992, 994). "For purposes of imposing sanctions under the inherent power of the court, a finding of bad faith does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or *mala fides*, the assertion of a colorable claim will not bar the assessment of attorney's fees." Fink, 239 F.3d at 992. A legal argument is frivolous if, "at the time of filing, a competent attorney after a reasonable investigation could not have determined that a well-founded basis in fact and in law or a good faith argument for extension of law supported the filing." Les Shockley Racing, Inc. v. National Hot Rod Ass'n, 884 F.2d 504, 510 (9th Cir. 1989) (discussing Rule 11 sanctions). "[I]nherent powers must be exercised with restraint and discretion." Chambers v. Nasco, Inc., 501 U.S. 32, 44 (1991); Mendez v. County of San Bernardino, 540 F.3d 1109, 1132 (9th Cir. 2009).

## DEFENDANT'S ARGUMENT

Defendant argues that this case was entirely frivolous because of the lack of subject matter jurisdiction and the presence of a forum selection clause. To establish diversity of citizenship, the citizenship of all persons or entities who are members of an LLC must be alleged since an LLC has the same citizenship of each of its members. Plaintiffs did not prove the citizenship of the LLC's. Further, Plaintiff JMZ Development Co. had a member that was a California corporation, which would destroy diversity in any event. Without diversity, there is no jurisdiction. Also, the forum selection clause of the contract provided that venue for any action to interpret or enforce the agreement/contract is the Tuolumne County Superior Court.[1] Despite the forum selection clause, Plaintiffs filed suit in federal court. Defendant seeks as a sanction the fees associated with moving to dismiss ($1,902.50), opposing reconsideration ($1,280.00), and preparing the sanctions motion ($2,460.00).

## PLAINTIFFS' OPPOSITION

Plaintiffs' counsel consulted with South Shore Ranches, LLC's ("SSR") counsel and filed this action in good faith to take advantage of a judgment that could be enforced in any state of the U.S. and to utilize the 3 month limitations period set by federal court cases to file a motion to vacate an arbitration award. Plaintiffs' counsel believed that there was a basis for diversity jurisdiction because JMZ was arguably a nominal party since it had assigned its interests to SSR. With respect to the forum selection clause, the land sale contract provided that all arbitrations are to be conducted in accordance with the American Arbitration Association rules. One of those rules (Rule 48(c)) states that parties are deemed to have consensus that a judgment on the arbitration award may be entered in any Federal or State court having jurisdiction. Because counsel believed that diversity jurisdiction existed, there was a basis for going to federal court despite the forum selection clause. Finally, Plaintiffs' request for sanctions contains inappropriate requests and there is insufficient itemization.

---

[1] The forum selection clause reads: "Governing Law; Venue. This Agreement shall be construed and interpreted in accordance with the laws of the State of California. Venue for any action brought to interpret or enforce this Agreement shall be the Superior Court for the County of Tuolumne."

**DISCUSSION**

Defendants no longer seek sanctions in this forum based on Plaintiffs' notice of removal. Instead, Defendants seek sanctions based on the filing of the petition to confirm the arbitration award. However, sanctions under 28 U.S.C. § 1927 do not apply to the initial filing of a lawsuit. Therefore, Defendants' request for sanctions under 28 U.S.C. § 1927 is denied. See In re Keegan, 78 F.3d at 435; Zaldivar, 780 F.2d at 831.

Given Defendant's motion, sanctions can only be imposed in this case through the Court's inherent authority. See In re Keegan, 78 F.3d at 435. Sanctions under the Court's inherent authority is proper for conduct that constitutes bad faith or is tantamount to bad faith. Gomez, 255 F.3d at 1134. Recklessness combined with frivolousness may be tantamount to bad faith. Id. The Court believes that there is recklessness and frivolousness by Plaintiffs with respect to subject matter jurisdiction.

The original petition in this case stated that the Court had jurisdiction pursuant to the agreement to arbitrate. See Court's Docket Doc. No. 2. The amended petition (which was filed as a matter of course since no answer had been filed) alleged jurisdiction based on 28 U.S.C. § 1332, 9 U.S.C. § 9, and the agreement.[2] See id. at Doc. No. 13. Plaintiffs' opposition argued that SSR was a Michigan corporation, Lakelands was a California Corporation, and JMZ's citizenship should be disregarded. See id. at Doc. No. 24. Plaintiffs discussed SSR's principal place of business and place of incorporation. See id. Even though all parties are LLC's, there was no discussion regarding the citizenship of an LLC. See id. An LLC "is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Because the principal place of business and place of incorporation do not determine an LLC's citizenship, Plaintiffs did not meet their burden to establish diversity jurisdiction and the Court dismissed the case.

---

[2] Contrary to Plaintiffs' opposition to the motion to dismiss/remand, 9 U.S.C. § 9 is not an independent basis for jurisdiction, G.C. & K.B. Invs., Inc. v. Wilson, 326 F.3d 1096, 1103 (9th Cir. 2003); General Atomic Co. v. United Nuclear Corp., 655 F.2d 968, 969 (9th Cir. 1981), and the parties cannot agree to confer jurisdiction on the Court where jurisdiction does not otherwise exist. Bonneville Power Admin. v. FERC, 422 F.3d 908, 924 (9th Cir. 2005); Brockman v. Merabank, 40 F.3d 1013, 1017 (9th Cir. 1994); Collins v. Thompson, 8 F.3d 657, 659 (9th Cir. 1993). There was no reasonable basis for these arguments.

On the motion for reconsideration, Defendants presented evidence regarding the LLC members' residences and argued that Les Allen, an owner of Lakelands, did not reside in California. See Court's Docket Doc. No. 37. Plaintiffs also mischarachterized the Court's dismissal order: "The issue was raised by the Court in its Order specifically addressing the citizenship of limited liability corporations were based upon the residence of its owners." Id. at Doc. No. 40 at ¶ 3. Plaintiffs then stated that residences had been researched and jurisdiction could be established. See id. However, in the dismissal order, this Court did not rely on the residences of the LLC's owners, but instead properly spoke in terms of domicile and citizenship. See id. at Doc. No. 34 at pp. 7-8, 9 ("Insufficient evidence has been presented that identifies each member/owner and each member's/owner's citizenship, i.e. domicile."), 10 (". . . Allen is the manager and sole agent of Lakelands and that he resides in California. . . . Although Allen's domicile is not mentioned . . . ."), 11 (". . . Plaintiffs have not established the citizenship of these LLC parties . . . ."), 12 (". . . there is no evidence that directly addresses the citizenship (i.e. domiciles) of each of the parties' members/owners."). The evidence on reconsideration did not address domicile, and the distinction between residence and domicile is well established. As the Court explained:

> . . . "for purposes of diversity, residence and citizenship are not the same thing." Seven Resorts v. Cantlen, 57 F.3d 771, 774 (9th Cir. 1995); Mantin v. Broadcast Music, Inc., 244 F.2d 204, 206 (9th Cir. 1957). "The natural person's state of citizenship [for diversity purposes] is then determined by her state of *domicile*, not her state of residence." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (emphasis added). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Id. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

Id. at Doc. No. 48. In the original order dismissing the lawsuit, the Court discussed domicile:

> "For an individual person, citizenship for diversity purposes requires that the person (a) be a citizen of the United States, and (b) be domiciled in a state of the United States. Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Von Kennel Gaudin v. Remis, 379 F.3d 631, 636 (9th Cir. 2004); see Lew, 797 F.2d at 749-50.

Id. at Doc. No. 34. Thus, although the Court expressly identified the law, again no evidence was

presented concerning any person's domicile.

Additionally, the basis or reason behind this lawsuit is not clear. Plaintiffs state that they wished to obtain a federal court award that would be good in all fifty states. However, there is no indication that the Tuolumne County Superior Court lacked jurisdiction. It is unknown why the Tuolumne County Superior Court's order would not be given full faith and credit in all states.

From the first petition, to the opposition, to the reconsideration, the basis for subject matter jurisdiction has been lacking and changing, and the purpose of this lawsuit has been questionable. The filing of this lawsuit was reckless as there was/has been an insufficient showing that subject matter jurisdiction was properly scrutinized. Plaintiffs' reliance on pure residency and arguments regarding subject matter jurisdiction were frivolous. See Les Shockley, 884 F.2d at 510. The proper law on diversity was not cited in opposition, the relevant information to determine the LLC parties' citizenship was not alleged, and the proper evidence of citizenship has never been provided (at least with respect to the natural persons who are owners in the LLC's). The law regarding citizenship and domicile is established, and the law regarding an LLC's citizenship has been established in the Ninth Circuit since 2006.[3] Therefore, Plaintiffs' conduct in filing and pursuing this case in this Court was tantamount to bad faith. Gomez, 255 F.3d at 1134. Sanctions are appropriate.

Defendants seek approximately $5,500 in sanctions. This figure is derived from work performed for moving to dismiss, opposing reconsideration, and preparing the sanctions motion. Defense counsel bills at a rate of $200/hr and has submitted time sheets.

With respect to time and money spent preparing the sanctions motion, the full $2,460 is not warranted. First, sanctions are not available based on the filing of the lawsuit under 28 U.S.C. § 1927. Defendant will not receive as a sanction monies associated with making that argument. Second, counsel's time sheets indicate that there was work done regarding Rule 11 sanctions. However, since Defendant's motion is not based on Rule 11, the Defendant will not receive as a sanction monies for time spent on Rule 11 matters. Third, a substantial portion of

---

[3]Further, the law regarding 9 U.S.C. § 9 has been clearly established since 1981. General Atomic., 655 F.2d at 969.

8

the sanctions motion deals with the notice of removal.  Since that basis has been withdrawn, Defendant will not receive as a sanction monies associated with making arguments related to removal.  The time entries associated with the motion for sanctions do not segregate between time spent regarding removal and time spent regarding other matters.  Considering the arguments made, the level of complexity of the law, and the size of the motion, the Court believes that an award $800 for the filing of the sanctions motion is reasonable.

With respect to the opposition to the motion for reconsideration, that motion was frivolous.  Although the Defendant's memorandum does not address the motion for reconsideration expressly, Defendant's counsel submitted time sheets associated with resisting that motion and both the prayer for relief and counsel's declaration identified the total amount sought for resisting the reconsideration motion.  See Court's Docket Doc. Nos. 51, 52.  Plaintiffs were on notice that Defendant sought sanctions for the monies spent resisting the reconsideration motion.  The Court has reviewed the time entries associated with that motion.  The Court finds that the times are generally justified.  The Court does find that 1.4 hours to review the motion is slightly excessive and will reduce the 1.4 hours to 1.0 hour.  With this alteration, the Court will award $1,200 for resisting the motion for reconsideration.[4]

Finally, with respect to the motion to dismiss, the basis for the $1,902.50 award is unclear.  The billing records that were submitted total $2,500 for the dismissal motion.  Either way, the Court does not believe that the dollar amount requested is supported by the billing.  Part of the time entries indicate that research was done on Rule 11 sanctions.  However, as discussed in the motion to dismiss, Defendant did not follow the proper procedure for Rule 11 sanctions and the request was denied.  Defendant should not be awarded monies associated with Rule 11.  Further, part of the motion to dismiss included a discussion regarding the proper method of analyzing a forum selection clause, that is whether Rule 12(b)(1), 12(b)(3), or 12(b)(6) should be

---

[4]Also, although not requested by Defendant, given the Court's above discussion regarding its ruling on the motion to reconsider, sanctions would have been appropriate under 28 U.S.C. § 1927 for filing this motion.  The motion for reconsideration was frivolous, involved at a minimum a reckless characterization of the Court's previous order viz a vie residence and domicile, and unnecessarily multiplied proceedings.  See B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1107 (9th Cir. 2002).

9

utilized. However, the Ninth Circuit has already decided that motions to enforce forum selection clauses are analyzed through the prism of Rule 12(b)(3). See Doe 1 v. AOL, LLC, 552 F.3d 1077, 1081 (9th Cir. 2009); Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 323 (9th Cir. 1996). This Court sits in the Ninth Circuit and is obligated to follow Ninth Circuit precedent. That other Circuits follow a different procedural mechanism is irrelevant. The Court will not award as a sanction monies associated with the research of and writing about the practice of other Circuits since the law is already settled in the Ninth Circuit. Further, 4.10 hours has been requested for preparation of a declaration. The Court has reviewed the declaration, which is document 11 in the Court's docket. The document is 17 pages, including exhibits. The exhibits are two letters and the Tuolumne County's affirmation of arbitration award. The Court does not believe that 4.10 hours to prepare this declaration is reasonable. Finally, 1.1 hours are billed for preparation of the Notice of the motion to dismiss. The Notice is 2 pages and there is a separate entry for preparation of memorandum in support of the motion. The Court does not believe that billing 1.1 hours for preparation of the notice is warranted. In light of the motion, the law, the exhibits, and the billing records, the Court will award $1,500 for filing the motion to dismiss.

## CONCLUSION

The $800 for the sanctions motion, the $1,200 for resisting reconsideration, and the $1,500 for moving to dismiss yields a figure of $3,500. The Court will grant Defendant sanctions in this amount.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for sanctions is GRANTED and Plaintiffs and their counsel shall pay to Defendant the sum of $3,500 in sanctions.

IT IS SO ORDERED.

**Dated:     January 15, 2010**            /s/ Anthony W. Ishii
                                    CHIEF UNITED STATES DISTRICT JUDGE