IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTH SHORE RANCHES, LLC, and JMZ DEVELOPMENT COMPANY, LLC, <br><br>            Plaintiffs, <br>    v. <br><br>LAKELANDS COMPANY, LLC, and DOES 1 through 25, inclusive <br><br>            Defendants. | 1:09-cv-105  AWI DLB <br><br>ORDER ON PLAINTIFFS' MOTION TO VACATE DISMISSAL, and ORDER FOR ADDITIONAL BRIEFING <br><br>(Doc. No. 78) |

Before the Court are Plaintiffs' two motions to vacate under Federal Rule of Civil Procedure 60(b)(3) – one requests vacating the order granting sanctions and the other requests vacating the dismissal of Plaintiffs' complaint. Plaintiff also moves the Court to sanction Defendant under the Court's inherent authority. For the reasons the follow, the motion to vacate the dismissal and remand order will be denied, the request for sanctions will be deferred, the motion to vacate the sanctions award will be deferred, and the parties will file additional briefing.

**I.     Motion To Vacate Dismissal & Remand Order**

The Court dismissed and remanded this case pursuant to 28 U.S.C. § 1447(c) due to lack of subject matter jurisdiction. See Court's Docket Doc. No. 48.

"An order remanding a case to the State court from which it was removed is not

reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to [28 USCS § 1443] shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d). "This language has been universally construed to preclude not only appellate review but also reconsideration by the district court. Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case." Seedman v. United States Dist. Court, 837 F.2d 413, 414 (9th Cir. 1988); see Shapiro v. Logistec USA Inc., 412 F.3d 307, 312 (2d Cir. 2005). "28 U.S.C. § 1447(d) prohibits review of all remand orders issued pursuant to section 1447(c) whether erroneous or not and whether review is sought by extraordinary writ or by any other means." Whitman v. Raley's Inc., 886 F.2d 1177, 1180 (9th Cir. 1989). "[I]f the remand order is based on § 1447(c), a district court has no authority to correct or vacate [the remand order]." Seedman, 837 F.2d at 414.

Here, Plaintiff cites no authority that a Court can vacate a 28 U.S.C. § 1447(c) remand order through Rule 60(b)(3), nor does Plaintiff cite *Whittman* or *Seedman*. Given the clear language of *Whittman* and *Seedman*, the Court lacks the authority to reconsider its dismissal and remand order. See Whitman, 886 F.2d at 1180; Seedman, 837 F.2d at 414. Plaintiff's Rule 60(b)(3) motion to vacate the Court's dismissal and remand order will be denied.

## II.     Additional Briefing

Plaintiffs have submitted deposition excerpts from Les Allen. Those excerpts indicate that he is a citizen of Australia, he has never been a citizen of the United States, he is not an owner of Lakelands, Lakelands is owned by Resort Property Management, LLC ("RPM") (which is "incorporated" in Colorado),[1] and Allen is not an owner of RPM. Allen's deposition testimony creates questions in the Court's mind regarding the sanctions that the Court imposed upon Plaintiffs and their counsel. As such, the Court will order supplemental briefing regarding: (1) Allen's deposition testimony and Rule 60(b)(2); (2)whether the sanctions award should be fully

---

[1] The citizenship of RPM, however, has not been established because, as an LLC, its state of "incorporation" does not determine its citizenship. See Johnson v. Columbiz Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

vacated, partially vacated (i.e. reduced), or not disturbed, and; (3) if partially vacated, by how much. In the additional briefing, the parties may also discuss RPM, and Lakelands may further discuss its basis for arguing that the Court did not have diversity jurisdiction over this matter. The Court will refrain from ruling on Plaintiffs' motion to vacate the sanctions award, and Plaintiffs' request for sanctions, until it has received this additional briefing.

### **CONCLUSION**

Plaintiffs seek vacation of two orders and also request sanctions. Vacation of the dismissal and remand order is inappropriate because, once a case like this is remanded under 28 U.S.C. § 1447(c), the Court has no ability to review or reconsider that order. As for the sanctions order, because the deposition testimony of Les Allen raises questions in the Court's mind, additional briefing will be ordered. The Court will withhold ruling on Plaintiffs' sanctions request and motion to vacate sanctions award until it has received the additional briefing.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to vacate the dismissal and remand order (Document No. 78) is DENIED;
2. On or by May 17, 2010, the parties shall file additional briefing, as described above by this order; and
3. The parties shall file responses to the additional briefing on or by May 24, 2010.[2]

IT IS SO ORDERED.

**Dated:   May 6, 2010**               /s/ Anthony W. Ishii
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[2] If the Court determines that oral argument is appropriate after reviewing the additional briefing, the Court will set a hearing date.