IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTH SHORE RANCHES, LLC, and JMZ DEVELOPMENT COMPANY, LLC,<br><br>                Plaintiffs,<br>   v.<br><br>LAKELANDS COMPANY, LLC, and DOES 1 through 25, inclusive<br><br>                Defendants. | 1:09-cv-105  AWI DLB<br><br>**ORDER ON PLAINTIFFS' MOTION TO VACATE SANCTIONS AND MOTION FOR SANCTIONS**<br><br>(Doc. Nos. 75, 78) |

Before the Court is Plaintiffs South Shore Ranches, LLC and JMZ Development Co., LLC's ("collectively Plaintiffs") motion for sanctions against Defendant Lakelands Co., LLC ("Lakelands") and motion for reconsideration of sanctions that were imposed against them. Pursuant to briefing ordered by the Court, the parties have briefed the application of Federal Rule of Civil Procedure 60(b)(2) to the pending motions. For the reasons that follow, the Court will grant reconsideration of the sanctions motion, but will deny Plaintiffs' motion for sanctions. With the resolution of these motions, the Court will accept no further filings from the parties.

**BACKGROUND**

On December 12, 2005, Plaintiffs as seller and Lakelands as buyer entered into a Contract for the sale of 1,947 acres of real property located in Tuolumne County, California. At some

point in the transaction process, the sale broke down and steps to undergo arbitration began.

However, in order to further process the Parcel Map and to extend valuable benefits within Tuolumne County, JMZ deeded all of the real estate it owned relative to the Contract to South Shore Ranches.  JMZ did this in late July 2008, at the request of Tuolumne County.  The grant deed was recorded on August 13, 2008, in Tuolumne County.

On August 28, 2008, arbitration went forward before Judge Broadman, but Lakelands did not appear.  After hearing evidence, Judge Broadman issued his decision in favor of Plaintiffs.

On September 22, 2008, Plaintiffs filed a petition to confirm the arbitration award in the Tuolumne County Superior Court.  On October 23, 2008, the Tuolumne County Superior Court confirmed Judge Broadman's order.

On January 14, 2009, Plaintiffs filed this lawsuit seeking an order from this Court to confirm Judge Broadman's arbitration award.  The confirmation order that Plaintiffs wished this Court to sign was identical to that which the Tuolumne County Superior Court signed.  All parties in the complaint are Limited Liability Companies ("LLC's").

In February 2009, Lakelands filed a motion to dismiss and later filed a motion to remand.  After Plaintiffs filed what the Court construed as an amended petition, the Court allowed Lakelands to file amended motions to dismiss and remand, and told the parties that it had concerns over its subject matter jurisdiction.

On May 13, 2009, the Court ruled that the case had not been removed because the case had been filed as an original action in this Court and because no notice of removal had been filed in this Court.  The Court then ruled that it lacked subject matter jurisdiction and closed the case.

Plaintiffs filed a motion for reconsideration on May 26, 2009.  On June 24, 2009, Plaintiffs filed a notice of removal.  On July 8, 2009, the Court denied the motion for reconsideration and found that Plaintiffs had failed to meet their burden under Rules 60(b)(1) and 60(b)(6).  The Court then remanded the case because the evidence submitted as part of the motion for reconsideration again failed to establish that the Court had diversity jurisdiction.

On July 10, 2009, Lakelands filed a motion for sanctions.  One of the arguments in the sanctions motion was that the petition was frivolous due to a lack of subject matter jurisdiction.

1  On November 4, 2009, Lakelands filed an amended motion for sanctions due to the Tuolumne
2  County Superior Court imposing its own sanctions against Plaintiffs for improper removal.
3        On January 15, 2010, the Court granted Lakelands's motion for sanctions.  The Court
4  determined that Plaintiffs acted in bad faith, specifically that they had been reckless and made
5  frivolous arguments regarding the Court's subject matter jurisdiction.
6        On March 5, 2010, Plaintiffs filed two motions to vacate under Rule 60(b)(3), one motion
7  to vacate the order imposing sanctions and one motion to vacate the order dismissing and
8  remanding the case.  Plaintiffs also filed a requests for sanctions against Lakelands under the
9  Court's inherent authority.
10       On May 6, 2010, the Court denied the motion to vacate the dismissal and remand order.
11 The Court also denied the Rule 60(b)(3) motion to vacate sanctions.  However, the Court had
12 concern that either a modification or vacation of the sanctions award may be appropriate under
13 Rule 60(b)(2) in light of recent deposition testimony by Les Allen, an officer of Lakelands.  The
14 Court ordered additional briefing regarding the possible application of Rule 60(b)(2).  The Court
15 also reserved ruling on Plaintiffs' request for sanctions.
16       On May 24, 2010, the Court received the additional briefing.
17
18                    **LEGAL STANDARD – RULE 60 (b)(2)**
19       "On motion and just terms, the court may relieve a party or its legal representative from a
20 final judgment, order, or proceeding for . . . newly discovered evidence that, with reasonable
21 diligence, could not have been discovered in time to move for a new trial under Rule 59(b) . . . ."
22 Fed. R. Civ. Pro. 60(b)(2).  If a party relies on "newly discovered evidence" under Rule 60(b)(2),
23 "the movant must show the evidence (1) existed at the time of the trial, (2) could not have been
24 discovered through due diligence, and (3) was of such magnitude that production of it earlier
25 would have been likely to change the disposition of the case.  Jones v. Aero/Chem Corp., 921
26 F.2d 875, 878 (9th Cir. 1990); Coastal Transfer Co. v. Toyota Motor Sales, 833 F.2d 208, 211
27 (9th Cir. 1987); see Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003).
28 Evidence is not newly discovered if it was already in the party's possession or could have been

discovered with reasonable diligence.  See Feature Realty, 331 F.3d at 1093; Wallis v. J.R. Simplot Co., 26 F.3d 885, 892 (9th Cir. 1994); Coastal Transfer Co., 833 F.2d at 212; see also Caliber One Indem. Co. v. Wade Cook Fin. Corp., 491 F.3d 1079, 1085 (9th Cir. 2007).

## MOTION TO VACATE SANCTIONS & MOTION FOR SANCTIONS

*Plaintiffs' Argument*

Plaintiffs argue that Allen's January 12, 2010, deposition is newly discovered evidence. Allen's deposition testimony indicates that he is a citizen of Australia, he has never been a citizen of the United States, he resides in Australia, and that the sole member/owner of Lakelands is Resort Property Management, LLC ("RPM"), a Colorado corporation. This information about Allen's citizenship and lack of ownership interest in Lakelands was in possession of Lakelands's counsel, but its counsel misguided the Court by claiming no diversity existed. Lakelands maintained it was a citizen of California and relied on Allen to establish its citizenship. The impact of the newly discovered evidence would have supported Plaintiffs' position that jurisdiction existed because Allen was not an owner of Lakelands, rather a Colorado LLC was the sole owner. Lakelands had no reasonable grounds to contest diversity and instead chose to introduce false information. Without reasonable grounds to file the Rule 12(b)(1) motion, the amount of sanctions ($800 to file for sanctions, $1,200 for resisting reconsideration, and $1,500 to file for dismissal) should have never been incurred.

The representations regarding citizenship and Allen were false. Lakelands's counsel had a continuing duty under Rule 11 to inform the Court of the true identify of Lakelands's owners, but did not do so. Sanctions should be imposed against Lakelands in the amounts of $12,818 (for filing the opposition to dismissal and for reconsideration) and $1,485 (for filing this motion).

*Defendant's Response*

Lakelands argues that relief is not appropriate for several reasons. First, Plaintiffs' motion is not timely because Plaintiffs had 28 days to file their Rule 60(b)(2) motion, but instead waited 49 days from the date of Allen's deposition to file. Second, Plaintiffs did not exercise diligence to discover the evidence. The evidence was obtained 3 days prior to the Court's

4

imposition of sanctions.  Further, the matter has been in federal court for excess of 16 months, and Plaintiffs never propounded discovery or noticed depositions.  Third, the evidence would not have changed the outcome because Plaintiffs never established their own citizenship, let alone that of Lakelands.  Plaintiffs were sanctioned because they failed to meet their burden.

Lakelands's counsel argues that the representations about Lakelands's citizenship and Allen were made pursuant to a client intake form.  Lakelands's counsel raises concerns over privileged attorney client information, and requests that if sanctions are imposed, then that amount should be reduced by the sanctions imposed against Plaintiffs.

*Discussion*

There is no dispute that Allen's January 2010 deposition is "newly discovered evidence." Instead, Lakelands focuses on timing, diligence, and alteration of outcome in its opposition.

First, Lakelands's argument that Plaintiffs had only 28 days in which to file its Rule 60(b)(2) motion is simply meritless.  Rule 60(c)(1) provides that a Rule 60(b) motion "must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding."  Fed. R. Civ. Pro. 60(c)(1).  There is no 28 day time limit.[1]  See id.  Plaintiffs filed their motion within one year of the dismissal, within eight months of remand, and within two months of both Allen's deposition and the sanctions order.  Lakelands has cited no authority that indicates such a time frame is "unreasonable."

Second, the Court cannot find that Plaintiffs failed to exercise sufficient diligence. Lakelands's contention, that Plaintiffs did not conduct discovery during the 16 months that this case has been pending, is not quite accurate.  This case was filed in January 2009, dismissed and closed in May 2009, and later remanded to the Tuolumne County Superior Court in July 2009. At the initial dismissal stage, it was the position of both parties that Lakelands was a California citizen.  If both parties stated that Lakelands was a California citizen, the need to conduct

---

[1] Lakelands relies on Rule 59 and *Jones v. Aero/Chem Corp.*, 921 F.2d 875 (9th Cir. 1990) for its 28-day time limit argument.  *Jones* merely acknowledged that the test applied under Rule 59 is borrowed from Rule 60(b)(2).  See id. at 878.  In fact, *Jones* parenthetically described *Moore's Federal Practice* as noting that the distinction in relief between Rule 59 and Rule 60(b)(2) is one of "degree," and that Rule 60(b)(2) allowed for "a more belated attack on a judgment."  Id.  By noting the ability for "a more belated attack" under Rule 60(b)(2), *Jones* implicitly acknowledged that the timing for a Rule 60(b)(2) motion is set by Rule 60(c), not by Rule 59(b).

5

discovery on Lakelands' citizenship would not appear to be great. The Court dismissed this case for want of jurisdiction on May 13, 2009, and pursuant to that order, the Clerk of the Court closed the case the same day. See Court's Docket Doc. Nos. 34, 35. With the closing of the case, no discovery in this Court after May 13 would have been proper since the case had ended. Although Plaintiffs sought reconsideration on May 26, 2009, discovery was not authorized to take place at that time. Further, although Plaintiffs achieved removal on June 24, 2009, the Court denied the reconsideration motion and remanded the case on July 8, 2009. That Plaintiffs did not attempt discovery between June 24 and July 8 does not show insufficient diligence, especially given the pending reconsideration motion. Finally, once the case was remanded, it is unknown how Plaintiffs could have conducted discovery since the substantive case was no longer before this Court. See Seedman v. United States Dist. Court, 837 F.2d 413, 414 (9th Cir. 1988) ("Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case."). Under these circumstances, Plaintiffs' failure to conduct discovery in this Court regarding Lakelands's citizenship does not show a lack of diligence.

Third, the Court cannot agree that the disposition of the sanctions motion would have been unchanged. The Court imposed sanctions pursuant to its inherent authority. It has been recognized that "a court's reliance upon its inherent authority to sanction derives from its equitable power to control the litigants before it and to guarantee the integrity of the court and its proceedings." First Bank v. Hartford Underwriters Ins. Co., 307 F.3d 501, 512 (6th Cir. 2002) (citing Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991)). If Allen's information had been disclosed during the sanctions motion, the Court would have looked at Lakelands as having a form of "unclean hands."[2] The motions to dismiss indicated that diversity did not exist because

---

[2] The equitable maxim of "he who comes into equity must come with clean hands" is a "self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the [other party]." Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814 (1945). The maxim "necessarily gives wide range to the equity court's use of discretion in refusing to aid the unclean litigant." Id. at 815. However, while the misconduct at issue need not be criminal or tortious, almost any willful conduct "concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient cause for the invocation of the maxim by the [court]." Id. "What is material is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts, or that the manner of dirtying renders inequitable the assertion of such rights against the [other party]." Republic Molding Corp. v. B. W. Photo Utilities, 319 F.2d 347, 349 (9th Cir. 1963).

6

JMZ was a California citizen and Lakelands was a California citizen.  See Court's Docket Doc. Nos. 10 at p.3; Court's Docket Doc. No. 22 at p.6.  During reconsideration, Lakelands contended that it was a California citizen and then relied on evidence concerning Allen.  See Court's Docket Doc. No. 41 at pp. 2-3.  However, Allen's deposition shows that such reliance was wholly improper.  An LLC's citizenship is that of its owners/members.  Johnson v. Columbia Props. Anchorage, L.P., 437 F.3d 894, 899 (9th Cir. 2006).  If Lakelands had properly identified Allen's status as a non-owner/non-member, it could not have relied on evidence regarding Allen to make representations about its citizenship.  If Allen is excluded from consideration, the Court sees no basis for Lakelands to represent itself as a California citizen.  The undisputed evidence is that Lakelands is owned solely by RPM, a Colorado LLC.  Lakelands has declined to provide any information regarding the citizenship of RPM's owners.  In the absence of evidence concerning RPM, the Court is unaware how Lakelands could properly contend that it was a citizen of California.  Plaintiffs were not innocents with respect to jurisdiction, but neither was Lakelands. Because of the nature of sanctions under a court's inherent authority, the Court would have denied sanctions based on both parties's improper conduct with respect to jurisdiction.  Thus, the evidence would have likely changed the outcome of the sanctions motion.[3]

In light of the above, the Court finds that Allen's testimony constitutes newly discovered evidence and that relief under Rule 60(b)(2) is proper.  Because the Court would not have imposed sanctions had Allen's testimony been revealed, the Court will vacate its sanctions order. The question remains whether the Court will impose sanctions against Lakelands.

Plaintiffs have provided evidence that shows Lakelands misrepresented its citizenship to the Court. The information shows that Lakelands came to this Court with culpable conduct and "unclean hands" on the issue of diversity jurisdiction, yet requested and obtained sanctions for culpable conduct by Plaintiffs on the same issue.  However, Lakelands actions do not absolve Plaintiffs from their own conduct.  As discussed in detail in the sanctions order, Plaintiffs'

---

[3] Lakelands also argues that dismissal and sanctions would have been appropriate based on a forum selection clause.  In the original dismissal order, the Court noted that Lakelands appeared to have a good Rule 12(b)(3) argument based on a forum selection clause, but it expressly did not rule on that motion.  Further, Plaintiffs' misconduct was associated with the Rule 12(b)(1) motion, not the Rule 12(b)(3) motion.

conduct was reckless and frivolous with respect to jurisdiction.  See Court's Docket Doc. No. 74. Plaintiffs' theories of jurisdiction were changing, Plaintiffs misrepresented the contents of the Court's dismissal order in their reconsideration motion, and Plaintiffs never provided the appropriate evidence of their own citizenship.  See id.  In fact, it remains unknown whether this Court actually had diversity jurisdiction.  Plaintiffs argue that RPM's citizenship would have prevented Lakelands from contesting jurisdiction.  See Court's Docket Doc. No. 96 p.4.  The evidence before the Court is that RPM, which is an LLC, is registered in Colorado.  However, that RPM is registered/"incorporated" in Colorado is irrelevant in terms of this Court's subject matter jurisdiction.  As this Court has repeatedly discussed, as an LLC, RPM's citizenship is determined by, and is the same as, each of its owners/members.  Johnson, 437 F.3d at 899.  The only evidence regarding the owners of RPM is that Allen is not one of them.  There is no evidence of how many owners RPM has, who or what the owners are, and what the citizenship of those owners are.  Viewed most generously, the evidence suggests that RPM is at least a citizen of Colorado, but RPM's full citizenship is completely unknown.  This is the same error that Plaintiffs made in their opposition to the Rule 12(b)(1) motion.

     Both parties have engaged in improper conduct with respect to this Court's subject matter jurisdiction.  Both parties have a form of "unclean hands," and the Court will not use its inherent authority to reward one party over the other.  Cf. Chambers, 501 U.S. at 43-44 (discussing inherent authority); Precision Instrument, 324 U.S. at 814-15 (discussing unclean hands); First Bank, 307 F.3d at 512 (discussing the equitable nature of the court's inherent authority to sanction); Republic Molding, 319 F.2d at 349 (discussing unclean hands); Salvin v. Am. Nat'l Ins. Co., 2007 U.S. Dist. LEXIS 27172, *37-*38 (E.D. Va. Apr. 11, 2007) (refusing to apply unclean hands maxim in context of sanctions where the alleged conduct was not dishonest or unconscientious); Fayemi v. Hambrecht & Quist, Inc., 174 F.R.D. 319, 326-27 (S.D.N.Y. 1997) (applying unclean hands maxim and refusing to impose evidentiary sanction).  The Court believes that the appropriate and equitable solution is to put the parties in the same position as they would have been had Allen's testimony been presented at the sanctions motion – it will deny all sanctions.

**CONCLUSION**

The January 2010 deposition testimony of Les Allen shows that Lakelands is owned by RPM, Allen is not an owner of Lakelands, and Allen has never been a United States citizen. This testimony shows that Lakelands's reliance on Allen to contend that it is a California citizen was wholly improper. Plaintiffs' motion is not untimely, and the evidence and circumstances of this case show sufficient diligence by Plaintiffs. Also, had this evidence been known to the Court, it would not have granted sanctions pursuant to its inherent authority because both parties behaved improperly/had unclean hands. Therefore, vacation of the prior sanctions award is proper.

With respect to Plaintiffs' request for sanctions, because both parties are culpable, the Court will place the parties in the same position as if Allen's testimony had been disclosed. The Court will deny all sanctions and keep this case closed.

The history of this case is bizarre, confusing, and frustrating. The substantive aspect of the case before this Court ended in July 2009. The aspect of the case that has been lingering in this Court is a sanctions issue. It is time for the entirety of this case to end. The Court will accept no further motions or filings in this case, including additional reconsideration or sanctions motions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' Rule 60(b)(2) request to vacate the Court's January 15, 2010 sanctions order is GRANTED;
2. The Court's January 15, 2010 sanctions order, Document No. 74, is VACATED;
3. Plaintiffs' request for sanctions under the Court's inherent authority is DENIED;
4. The Court will accept no further motions or filings in this case; and
5. This case REMAINS CLOSED.

IT IS SO ORDERED.

Dated:   June 17, 2010

CHIEF UNITED STATES DISTRICT JUDGE